AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

NELSON AVILES,
Defendant

Criminal Complaint

CASE NUMBER: 08-111-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about June 23, 2008, in the District of Delaware, Defendant NELSON AVILES, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, in violation of Title 18, United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am sworn as a Special Deputy U.S. Marshal and am assigned to the ATF and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

Steven Parrott
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

June 23, 2008                                    at        Wilmington, DE
Date                                                       City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer                           Signature of Judicial Officer

## AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on June 23, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant NELSON AVILES from the Delaware Justice Information System and learned that the defendant has two felony convictions for which he faced incarceration for more than one year. Those felony convictions were for Possession With Intent to Deliver Cocaine on or about 11/15/89 and Trafficking Cocaine on or about 01/16/92. Both convictions were in the Superior Court of New Castle County, Delaware.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following. Officer 1 was working in uniform with a partner and they stopped a vehicle being driven by the defendant in the city of Wilmington, Delaware.

6. Officer 1 told your affiant the following. A search of the interior of the car revealed a handgun located directly beneath the driver's seat. Your affiant viewed the seized gun and found it to be a Bersa .380 caliber semi-automatic handgun, serial number 681818. It contained both a frame and receiver and appeared, to your affiant, to be a firearm. When seized it was loaded with five rounds of ammunition. The passenger denied any knowledge of the firearm to Officer 1.

7. Your affiant interviewed the defendant and he essentially stated, among other things, that he had been threatened approximately three weeks ago and that he had the gun for protection.

8. Your affiant spoke with an ATF agent who is specially trained in the interstate nexus of firearms. He stated that the seized gun would have had to cross state lines prior to its possession in Delaware, thereby affecting interstate commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did possess in and affecting interstate commerce, a firearm after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2).

_____
Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence this 23 day of June, 2008.

_____
The Honorable Leonard P. Stark
United States Magistrate Judge